and Mary Ann, do you want to call it a day? Would the attorneys who are going to argue please step up and give us your names? Good afternoon, Your Honors. Brian Josias on behalf of the defendant appellant, Wilson Morocho. Can you give us your last name again one more time? Yes, ma'am. Josias, J-O-S-I-A-S. Good afternoon, Your Honors. I'm Cook County Assistant State's Attorney, Veronica Calderon-Malavia, representing the people of the state of Illinois. Mr. Josias, would you like to say any if you're time for rebuttals? Yes, Your Honor. Two minutes, please. Okay. As you both know, you have 20 minutes aside. You do not need to use the whole 20 minutes, but you are welcome to. And you have to keep your voices up because this microphone will record, but it does not amplify. Mr. Josias, whenever you are ready. Thank you, Your Honor. On behalf of the defendant appellant, Wilson Morocho. Mr. Morocho's conviction for aggravated stalking should be vacated. The offense of aggravated stalking is predicated on Illinois' revised stalking statute, 720 ILCS 5-12-7.3, which is facially unconstitutional due to its violation of the rights of free speech and due process. Specifically, the statute's overbroad prohibition of any act that threatens potentially sweeps in a broad range of innocent, lawful conduct, and in so doing, offends the First Amendment. Because Morocho was convicted of a statute that is facially unconstitutional, his conviction must be vacated. Now, turning first to the framework for a facial challenge such as this, a facial challenge is not dependent on the conduct of the individual defendant. As pointed out in our reply brief, binding precedent is quite clear that when a defendant claims that the statute of conviction is unconstitutional on its face, a court cannot affirm on the theory that the defendant's particular conduct could be constitutionally protected. That proposition has recently been reaffirmed, for example, in People v. Aguilar, where a conviction was vacated because the statute was held unconstitutional on its face, while conduct could be prosecuted under a separate statute. And, more importantly, that rule is especially true in the First Amendment context, as the United States Supreme Court instructed in Terminolo v. City of Chicago, likewise as our Supreme Court instructed in People v. Molongo, 2014, Illinois 114852. So, the argument raised by the State in its response brief that Morocho's texts sent here were true threats does not dispose of the issue. Instead But if we could construe the statute to be limited to that, true threats, then we wouldn't have to strike it down as overbroad, correct? Yes. If the statute were confined or were susceptible to an interpretation that could be limited to true threats, then it would be constitutional. It's our submission, Your Honor, that, of course, in this, the way the statute is written, it is not limited to true threats, particularly because it's the overbroad nature of it, how it sweeps in so much innocent conduct. And that's precisely what we'd say here, is that the Court is to look to the statute itself and determine whether a substantial number of its applications are unconstitutional, judging in relation to the statute's plainly illegitimate sweep. And that's from U.S. v. State. So, you're suggesting to us that we should look at the statute and strike from it the communication portion that was stricken by the Supreme Court. Then look at it as written with that phrase out of it and determine whether innocent conduct would be subject to prosecution under that statute. Well, I want to be clear here, Your Honor. So, you asked the communications provision, and under Rutherford, the communications provision has already been stricken. Right. So, we look at the statute that has the communications section in it Right. We strike that. Yes. And now we look at that statute with that provision stricken. That's correct. And your contention is looking at it in that context. Yes, sir. It's still unconstitutional. Yes. Because it criminalizes otherwise non-criminal conduct. That's correct. Because the language in the statute, even with communication stricken, does not limit the application of the statute to true threats. It simply says threats. And then what could be threatened is emotional distress, which would be non-criminal conduct. A true threat would have to threaten, and as I'll explain in a minute, would have to consist of a threat of unlawful action or violence. And where a threat only communicates to someone that they will receive, the consequence of violating a threat would be emotional distress. That's not a true threat. That's our position. So what part of it are you saying we're looking at? Are we looking at threatens and suffer other emotional distress? Is that what we're looking at? That's correct. When you put those two subparts together, it's unconstitutional. That's correct, yes. What about A1, fear for his or her safety or the safety of a third person? Well, it's possible that that could be interpreted to be a true threat. But again, I think that we can't simply just ignore the fact that the statute also allows someone to be prosecuted for a threat that only communicates that they might suffer emotional distress. And we also need to look at the fact that the defendant in the case has to know or should know, so there's a negligence standard for whether or not someone would fear for his or her safety. So again, it could inadvertently cause someone to fear for his or her safety. And the Supreme Court's true threat jurisprudence is quite clear that in order for speech to be a true threat, it has to be made with intent. And so the fact that there's this negligence or know or should have known that someone could fear for their safety when they receive the threat, that violates, that steps it outside of true threat jurisprudence as well because you remove the intentionality component of it that's so critical. Didn't the Supreme Court reject that argument in Relaford? No, Your Honor. The opposition to the Supreme Court hasn't addressed that. The Illinois Supreme Court hasn't addressed that in Relaford. That Relaford was limited. Because they didn't need to look at whether or not the threatened portion of the statute was applicable. They were dealing strictly with communicates, so they sidestepped that question and it's still open. And as you all may have seen, we filed a motion for supplemental authority on Monday. And I would just note that the Supreme Court is, there is a case where a petition believed to appeal was granted where the Supreme Court will be addressing or should be addressing the threats, threatened language. It's an issue here as well. Just, this defendant was charged under, on the underlying stalking, not on the aggravated part, but on the, which you need the underlying to get to the aggravated part. That's correct. Under Section A, but Section A3, isn't that a true threat section? I think it's fair to say that Section A3, which is the previous version of the statute, that would be, that is limited to a true threat. And had Mr. Maraccio been charged specifically with that version of stalking, it could be a different question. But again, we're looking at this from a facial perspective. The statute clearly includes a one, and also when we think about the canon of construction where there's a general specific, here we have, since we have both components in this statute, since the legislature added this far broader provision that is the issue that we're complaining of here, or the unconstitutional aspect that we're dealing with in this particular case, it shows that we can't just get rid of that. The Illinois legislature obviously intended to include this new provision. They added it to the statute. And so we can't look just at A3, especially where, in this particular case, my client wasn't charged with violating A3. And your client, the charge we're dealing with is count 21. Is that correct? So that's correct, yes. If I recall correctly, my client was convicted of 19, 20, and 21, and they merged into 21. So the allegations of 21 are the ones we're dealing with. That's correct. So the allegation specifically is that he knew, so the allegation is that, is that while in conjunction with committing stalking, by knowingly engaging in this course of conduct. So again, that's why it's not the A3 language of two or separate occasions. It's the course of conduct. And the course of conduct definition includes this broad threatening provision that doesn't limit it to simply true threats. It just says threatens and then compounds that with that the person who should know or should have known that the person receives that with fear for his or her safety or suffer other emotional distress. So that's the overbreath problem, is it just the Illinois legislature intended to broaden the statute beyond A3 to encompass other conduct. And in so doing, they went too far and are now including potentially innocent conduct as well. So in count 21, he was charged with A1, A2, or both? So he was charged with, the indictment is not specific as to the specific, excuse me, not specific as to the exact provision of the stalking statute it's relying on, but the use of the language from A1, excuse me, from A, that they commit stalking when they knowingly engage in this course of conduct. That's the reference in the indictment is to the course of conduct. And that it would... And that the course of conduct he knew or should have known would have caused mental distress or anxiety. That's right. So that he knew or should have known would cause a reasonable person to suffer emotional distress to wit threatening the victim and the victim's family via text message. So again, it is predicated on that emotional distress and not that they would fear for their safety. And your contention is the, a threat of, making a threat and then putting in the statutory requirement that the defendant knew or should have known that emotional distress would have resulted. It's the negligence standard of knew or should have known that you have your constitutional problem with. That's correct. We put some examples, excuse me, there's some examples that are briefs about where this could be innocent conduct. And thankfully in Relaford, the Supreme Court as well laid out a helpful one which is a boycott, for example. And in Relaford, they talk about communications where let's say someone repeatedly goes to a city council meeting and says, look, if this happens then there'll be a boycott, there could be a boycott. That could cause a business owner to suffer emotional distress. And that could be just communicating to them about this. It's not a big jump to go from a communication that talks about a boycott to an explicit threat going to, again, a city council meeting and saying if this business is allowed to expand then they will pay for it by being boycotted. And the business owner could suffer emotional distress easily as a result of that threat. Or another example is if you take this action to an elected official, let's say you repeatedly go to a city council meeting or even outside of a city council meeting, hey, if you don't allow this zoning exemption to be put in place, you'll pay for this. You lose your election. Likewise, a state's attorney, if you prosecute this crime, I'll see to it that you lose your job. Police officer, those types of things where you could easily see a situation where someone is repeatedly telling someone that if they engage in a specific course of conduct that they will suffer consequences for that, legal consequences, not illegal. And someone can be prosecuted for that under the broad sweep of the statute as it's currently written. Those are not true threats under U.S. Supreme Court or Illinois Supreme Court precedent. Those are lawful expressions of First Amendment speech. And that is why in an over breadth challenge that's why it's so critical that a statute that's over broad has to be contained because of the importance of the freedom of expression and not wanting to limit lawful expression by criminalizing speech that is adjacent to lawful expression. So you'd have a different there would be a different argument if the statute said the defendant engaged in this course of conduct intending to cause emotional distress. With the intent that someone well emotional distress is tricky because emotional distress is not necessarily it's not illegal to cause someone emotional distress. I think it's the true threat language from the Supreme Court focuses on a threat of violence or a threat of unlawful conduct. I think classically it's violent but just to include some there are some unlawful acts. So your argument is the same whether it was knew or should have known it would cause emotional distress or intention done with the intention of causing emotional distress. I think your position is more on the emotional distress. It would present a slightly different question. I don't want to engage too far in hypotheticals. Obviously this statute does include the negligence standard it'd be a slightly different question but I think there's a good argument to be made that the incorporation of the emotional distress is problematic under the Supreme Court true threat jurisprudence because again it has to be a threat of violence or unlawful conduct and arguably emotional distress would not be unlawful conduct and it's certainly not violence. If we were to read this statute as limited to true threats is there any argument that this that your client's conduct does not meet the criteria for true threat? I think that no. If this statute were limited to true threats arguably and again that's why if we look at if my client had been prosecuted under A3 the more narrow version of the statute arguably He wouldn't be here. He'd be here saying something else. Almost certainly. I'd still be fighting like crazy. As it stands that's not the case and again that's the critical aspect of First Amendment over breadth jurisprudence is that that's why we're not focused on my particular client. It's because this statute it's in the over breadth or in the breadth of the broad sweep that the Illinois legislature included when they amended the statute to try to capture more behavior they went too far and now they're threatening legitimate expression First Amendment protected expression protected speech that's so critical to the functioning of our society and that's so valuable and so even though my client's conduct in this particular case is reprehensible and is not necessarily something that should be protected but it is because the statute is too broad exactly. So if there's no further questions from your honors we rely on the arguments we presented in the briefs which demonstrate that the Illinois stalking statute constitutes an over broad restriction of the First Amendment it violates the right to free speech and is also violative of due process. Thank you. Good afternoon your honors counsel again I'm Assistant State Attorney Veronica Calderon Malavia representing the people of the state of Illinois in this matter. May it please the Senate of the Court I'll first address defendants Brett Calderon in his opening brief the defendant focused solely on the prescription against That was before the Supreme Court case we don't care about that. Right? It was before the Supreme Court case of course they made a different argument. Right we did but the problem is the defendant interprets the term threatening so broadly that it basically includes disturbing communications he includes disturbing communications like calling for a breakout or warning someone about an impending tornado. But those hypotheticals are nothing more than distressing communications that were stricken by Relaford. In addressing the racial challenge in that case and here the original issue is the threat prescription. The defendant's aggravated stalking conviction is based on the fact that he caused bodily harm on the victim that he knowingly engaged in the course of conduct that included sending text messages to her saying that he has three knives and that he will kill her and her family, sending a picture of a knife that was in his pocket and going to a workplace with that knife. So consistent with the risk that the world was in charge of this issue in the first   he had it in his pocket for the first instance that he was involved in it. And the article would say the defendant was not involved in the crime.     in the crime. And the article would involved in the crime. And Thank you.